UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20501-CR-UNGARO/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,
v.

RODRICK CLAYTON,

    Defendant.
    _____/

## REPORT AND RECOMMENDATION

Pending before this Court is the Limited Remand from the United States Court of Appeals for the Eleventh Circuit for a determination as to when Rodrick Clayton's Notice of Appeal in Court of Appeals Case Number 08-15545-G was delivered to prison officials for forwarding to the district court; and, if the notice of appeal was not timely delivered, for a determination as to whether Defendant's untimely notice of appeal resulted from excusable neglect or good cause pursuant to Federal Rule of Appellate Procedure 4(b)(4) and *United States v. Ward*, 696 F.2d 1315, 1317-18 (11th Cir. 1983) (DE #101).  The Honorable Ursula Ungaro, United States District Judge has referred the remand to the undersigned Magistrate Judge (DE # 104) and on March 9, 2009, an evidentiary hearing was held before the undersigned Magistrate Judge.  Based upon the findings and conclusions set forth below, the undersigned RECOMMENDS that the District Court enter an Order determining that Mr. Clayton's notice of appeal was untimely delivered to prison officials on September 13, 2008, but that the untimely notice of appeal resulted from excusable neglect and good cause.

I.    **BACKGROUND**

On June 29, 2007, following an entry of a guilty plea, the Defendant was adjudicated guilty of conspiracy to possess with intent to distribute five grams or more of cocaine base and was sentenced to 150 months incarceration to be followed by four years of supervised release (DE #84).  On April 3, 2008, Defendant filed a pro se Motion to Reduce Sentence seeking a sentence reduction based upon the amendments to the Federal Sentencing Guidelines for offenses related to crack cocaine (DE #89).  On May 9, 2008, the Federal Public Defender's Office for the Southern District of Florida filed a Notice of Assignment indicating that Assistant Public Defender Michael Spivack had been assigned to Mr. Clayton's case (DE ##91, 93).[1]  On May 12, 2008, the Government filed a Response in Opposition to the Motion to Reduce Sentence (DE #94), and on May 22, 2008, the Federal Public Defender filed a Supplement to Defendant's pro se Motion for Reduction of Sentence (DE #96).

On August 15, 2008, an Order signed on August 8, 2008 denying the Defendant's Motion for Sentence Reduction was entered into the docket on this case (DE # 97).  The Order held that the Defendant was not entitled to any relief because he was classified as a career offender at sentencing and that classification was unaffected by the crack cocaine guideline amendments.

On September 22, 2008, a pro se Notice of Appeal by the Defendant was received

---

[1] On May 1, 2008, an assistant Federal Public Defendant filed a Motion for Extension of Time within which to Supplement Defendant's Motion for Reduction of Sentence (DE# 90).  That Motion states, "On April 18, 2008, this Court entered an order directing the Federal Public Defender to respond within fifteen business days, and within that time, to take such action with respect to the defendant's motion as it deems appropriate" (DE # 90, 92).  The April 18, 2008 Order is not docketed, however and there is no order which appoints counsel to represent this Defendant.  The Defendant was represented previously by private court-appointed counsel, since the Federal Public Defender represented a Co-Defendant (DE #10, DE #28).

in the Clerk's Office for the Southern District of Florida (DE #98).  Attached to the Notice of Appeal was a letter dated September 5, 2008 from Mr. Spivack to Mr. Clayton informing Mr. Clayton that his Motion to Reduce Sentence had been denied.  Also attached to the Notice was a photocopy of an envelope addressed to Mr. Clayton at the Coleman correctional institution with a return address for M. Spivack, Esq. of the Federal Public Defender Office for the Southern District of Florida.  The postmark on the envelope was September 8, 2008, and there is also a date and time stamp across the envelope for September 10 at 8:59.

On November 12, 2008, the United States Court of Appeals for the Eleventh Circuit remanded the Defendant's appeal to the district court for the limited purpose of determining when Mr. Clayton's notice of appeal was delivered to prison officials for forwarding to the district court (DE #101).  The remand further directed that if the district court determined that the appeal was not delivered to prison officials by August 29, 2008, the district court should then determine whether the untimely notice of appeal was a result of excusable neglect or good cause.

II.      THE EVIDENTIARY HEARING

On March 9, 2009, the undersigned held an evidentiary hearing pursuant to the Limited Remand Order wherein counsel for the Defendant, Michael Spivack and counsel fo the Government, Ryan Stumphauzer appeared in person.  Defendant Rodrick Clayton appeared telephonically.

At the hearing, Mr. Clayton was placed under oath and testified that he received the letter from Mr. Spivack regarding the order denying his Motion to Reduce Sentence on September 10 or 11, 2008.  He further testified that he mailed his pro se Notice of Appeal on either September 12 or 13, 2008 via the inmate's mailbox used at the prison facility.  Mr. Clayton denied that he received a copy of the Order denying his Motion from

3

the Clerk of Court or from the counselor at the Coleman correctional facility.  He testified that he had no access to the internet at the facility and was unable to check the docket sheet for filings in the case.  Mr. Spivack was present at the evidentiary hearing and acknowledged that he had notified Mr. Clayton of the Order denying his motion by mailing it to him on September 8, 2008.  He also stated that he did not believe the Federal Public Defender had been formerly appointed to represent Mr. Clayton, and that is why he did not consider filing a notice of appeal on behalf of Mr. Clayton.

At the conclusion of the hearing, the Government stated if the facts were as Mr. Clayton had testified, that excusable neglect had been shown.  The Government however indicated that it would like a few days to verify that Mr. Clayton did not receive notice of the Order and requested that it be permitted to file a response to the Limited Remand.

On March 16, 2009, the Government filed a Memorandum indicating that it did not oppose a finding that Mr. Clayton's untimely notice of appeal was a result of excusable neglect (DE #107).  In that Memorandum, the Government conceded that by the time Mr. Clayton received a copy of the District Court's Order denying his Motion to Reduce Sentence, the ten day deadline for filing a Notice of Appeal had expired.  The Government further conceded that upon receiving a copy of that Order, Mr. Clayton promptly prepared a notice of appeal that was received by the Clerk's Office on September 22, 2008.

### III.    ANALYSIS

Pursuant to Fed.R.App.P. 4(b)(1)(A), in a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the entry of the order being appealed.  *United States v. Phillips*, 225 F.3d 1198, 1200 (11th Cir.2000).  However, under subsection (4) of Rule 4(b), upon a finding of excusable neglect or good cause, the district court may extend the time to file a notice of appeal for a period not to exceed 30

days from the expiration of the time otherwise prescribed by this Rule 4(b). Fed.R.App.P. 4(b)(4).  Thus, where a criminal defendant has filed a notice of appeal more than 10 days after the entry of an order, but within 40 days after the entry of an order, a district court must  determine whether excusable neglect authorizes an extension of time. *United States v. Ward*, 696 F.2d 1315, 1318 (11th Cir.1983).  The requirement of excusable neglect is read liberally when an inmate's right to appeal would otherwise be extinguished, particularly where the inmate is proceeding pro se. *See Stutson v. United States*, 516 U.S. 193, 196-97 (1996); *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997); *see also Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd*, 507 U.S. 380, 388 (1993) (establishing "flexible analysis of excusable neglect" and clarifying that excusable neglect may be found where failure to timely file notice is caused by inadvertence, mistake or carelessness).

In the case at bar, the Order denying the Defendant's Motion to Reduce Sentence was signed on August 8, 2008 and docketed on August 15, 2008.  It is undisputed that the Defendant did not receive a copy of that Order from his attorney, the Federal Public Defender, until September 10 or 11, 2008 which was beyond the 10-day period of time allowed under Rule 4(b) for filing a notice of appeal.  The Defendant then promptly mailed his pro se Notice of Appeal to the Clerk of Courts on September 12 or 13, 2008, and thus filed his Notice of Appeal within the time permitted for filing a motion for extension of time to appeal under Federal Rule of Appellate Procedure 4(b)(4).  In addition, the government does not oppose a finding that the Defendant has demonstrated good cause or excusable neglect for his failure to timely file a notice of appeal.

### IV.    CONCLUSION

Based upon the foregoing circumstances, the undersigned Magistrate Judge

finds:

1. Rodrick Clayton delivered his Notice of Appeal to prison officials for mailing on September 13, 2008; and

2. Rodrick Clayton's untimely filing of the Notice of Appeal was the result of good cause and excusable neglect.

Therefore, it is hereby

**RECOMMENDED** that the District Court enter an Order finding excusable neglect in connection with Defendant's failure to timely file a Notice of Appeal and that Defendant's Notice of Appeal be deemed timely filed.

The parties will have ten days to file written objections, if any, for consideration by The Honorable Ursula Ungaro, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745 (11th Cir.), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** in Miami, Florida on this 20th day of March, 2009.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished via CM/ECF to:**
The Honorable Ursula Ungaro
        United States District Judge
Ryan Stumphauzer, AUSA
Michael Spivack, AFPD